Henry J. BENNETT, Jr.,
Plaintiff-Appellee,

v.

CITY OF SLIDELL, Gerry Hinton, B.E. McDaniel, Nunzio Giordano, and Patrick J. Berrigan, Defendants-Appellants.

No. 81–3236.

United States Court of Appeals,
Fifth Circuit.

July 9, 1984.

Frank M. RePass, III, New Orleans, La., for City of Slidell, Gerry Hinton, et al.

R. Gordon Kean, Jr., Pamela C. Walker, Baton Rouge, La., David W. Oestreicher, II, New Orleans, La., Fernando J. Estopinal, III, Slidell, La., for amicus-La. Municipal Assoc.

## ON PETITION FOR REHEARING

Before CLARK, Chief Judge, BROWN, GEE, GARZA, REAVLEY, POLITZ, RANDALL, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

■ This court unanimously agrees upon the following statement:

A municipality is liable under § 1983 for a deprivation of rights protected by the Constitution or federal laws that is inflicted pursuant to official policy.

■ Official policy is:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

■ Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

The majority of the court regard the foregoing statement to be in accord with the original opinion in this case and we reaffirm the further definition of the contours of city liability explained in part 4 of that opinion. *Bennett v. City of Slidell*, 728 F.2d 762, 767–769 (5th Cir.1984). By that writing, inter alia, we rejected the line of authority, discussed in part 3 and represented in particular by our opinion in *Schneider v. City of Atlanta*, 628 F.2d 915 (5th Cir.1980), which would permit policy or custom to be attributed to the city itself by attribution to any and all city officers endowed with final or supervisory power or authority. Only those policymakers defined in part 4 may, by their declaration of formal policy or accession to custom, subject the city to liability in the absence of such declaration or accession by the governing body itself. We affirm, however, the writing in *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir.1980), as it relates to the officer who obtains policymaking authority by virtue of the office to which that officer is elected.

The petition for rehearing filed by the appellee is DENIED.

POLITZ, Circuit Judge, joined by GARZA, TATE, JOHNSON and JERRE S. WILLIAMS, Circuit Judges, concur in the general statement contained in the per curiam but would grant rehearing, being convinced that Bennett was aggrieved by the official policy of the municipality for the reasons stated in the dissenting opinion.