Marvin Maurice WELLS, Plaintiff,

v.

The CITY OF CARROLLTON, TEXAS; Carrollton, Texas, Police Department; Vernon Campbell; Pete Cole and J.R. McCurley, In their Official and Individual Capacities; the City of Mesquite, Texas; Mesquite, Texas, Police Department, and Lt. Larry Sprague, Defendants.

Civ. A. No. 3–86–3092–T.

United States District Court, N.D. Texas, Dallas Division.

Feb. 4, 1988.

Ken R. Davey, Kerry P. Fitzgerald, Dallas, Tex., for plaintiff.

Joseph A. Barbknecht and James S. Maxwell, Maxwell, Godwin & Carlton, Dallas, Tex., for City of Mesquite, Mesquite Police Dept. and Larry Sprague.

G. Duffield Smith, Gardere & Wynne, Dallas, Tex., for City of Carrollton, Carrollton Police Dept., Vernon Campbell, Pete Cole and J.R. McCurley.

## ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT

MALONEY, District Judge.

On October 26, 1987, the defendants in this cause filed their motions for summary judgment. On November 9, 1987, Plaintiff filed his response in opposition to the motions. On November 16, 1987, Defendants filed their replies to Plaintiff's response.

### Background

Plaintiff was arrested in 1985 by the police department Defendants for both a gas station robbery in Mesquite and a homicide which occurred during the holdup of a convenience store in Carrollton. Plaintiff was held in custody for eight months before he was released and cleared of the charges. Plaintiff now sues the police departments, the cities in which they are located, and the individual police officers involved in his arrests.

Count I of Plaintiff's complaint alleges violations of 42 U.S.C. §§ 1983 and 1985 because the individual police officers, wilfully and with the intent to deprive Plain-

tiff of his constitutional rights, pursued Plaintiff without probable suspicion or probable cause to believe that Plaintiff violated the law. Count I alleges further that the police officers conspired to mislead witnesses to identify Plaintiff as the criminal which resulted in Plaintiff's false arrest, false imprisonment, and malicious prosecution.

Count II alleges that Defendants violated 42 U.S.C. §§ 1983, 1985, and 1986 in that all Defendants conspired to deny Plaintiff his right to be free from false and malicious prosecution by implicating Plaintiff through improper identification and other methods.

Counts III and IV allege violations of Texas state law because Defendants were negligent in their investigation of the crimes and because they allowed Plaintiff to be arrested and prosecuted for crimes which he did not commit.

Defendants now move for summary judgment.

### Qualified Immunity Defense

The individual officers move for summary judgment on the basis that government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1981). With regard to Plaintiff's allegations that Defendants pursued Plaintiff without probable cause, the Supreme Court has stated: "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost." *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

Plaintiff has the burden of producing competent summary judgment evidence showing facts which will overcome Defendants' defense of qualified immunity. *See Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985). Plaintiff can do this by showing that the law which Plaintiff claims Defendants violated is clearly established and that

Defendants in fact violated it, or, more specifically, that the warrant application made by Defendants was so lacking in indicia of probable cause as to render official belief in its existence unreasonable.

■ The Court finds that, in his response to Defendants' motions for summary judgment, Plaintiff has not produced any summary judgment evidence which indicates that the individual defendants violated clearly established law. Plaintiff produced no evidence indicating that Defendants' determination of probable cause was unreasonable or that probable cause for his arrest did not exist. This Court therefore concludes that Plaintiff has not shown any violations of clearly established law by the individual defendant officers and that their motions for summary judgment should be granted.

### Section 1983

■ Plaintiff alleges that the remaining defendants, the cities and police departments, have violated 42 U.S.C. § 1983 by conspiring to deny Plaintiff of his right to be free from false and malicious prosecution. Under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), municipalities may be liable for constitutional deprivations resulting from official governmental policy or custom. To recover under this cause of action, Plaintiff must plead and prove that Defendants' employees acted (1) in conformity with an official policy adopted by Defendants' lawmaking or policymaking officials, or (2) pursuant to a persistent, widespread practice that is so common and well-settled as to constitute a custom which represents municipal policy attributable to Defendants' policymaking authority. *Bennett v. City of Slidell*, 735 F.2d 861 (5th Cir.1984).

■ In the instant case, Plaintiff has not produced any evidence indicating that the investigation, arrest, indictment, or prosecution of Plaintiff was pursuant to a custom or policy of Defendants which deprived him of constitutional rights. Plaintiff's summary judgment evidence wholly fails to

raise a genuine issue of material fact regarding the existence of any policy or custom of Defendants which allegedly deprived him of constitutional rights. Therefore, this Court is of the opinion that the defendant cities and police departments are entitled to summary judgment on Plaintiff's claim under section 1983.

### Section 1985

 Plaintiff also alleges that Defendants engaged in a conspiracy in violation of 42 U.S.C. §§ 1985 and 1986. To state a cause of action under § 1985, Plaintiff must prove that Defendants conspired for the purpose of depriving him of the equal protection of the laws, and that the conspirators took some action in furtherance of the conspiracy which deprived Plaintiff of exercising any right or privilege of a United States citizen. This statute is designed to protect individuals from illegal conspiratorial acts which are motivated by a racially based discriminatory intent. *Earnest v. Lowentritt,* 690 F.2d 1198 (5th Cir.1982).

This Court is of the opinion that Plaintiff's summary judgment evidence wholly fails to raise any genuine issue of material fact regarding any racially discriminatory intent on the part of Defendants, and that summary judgment should be granted in favor of Defendants on Plaintiff's § 1985 claim.

### Section 1986

To maintain a cause of action under § 1986 the plaintiff must have a valid cause of action under § 1985. *Bradt v. Smith,* 634 F.2d 796 (5th Cir.1981). Because this Court has found that Plaintiff has not withstood summary judgment on his § 1985 claim, it further finds that Plaintiff cannot maintain an action under § 1986 and therefore Defendants should be granted summary judgment on this claim.

### Texas Tort Claims Act

In Counts III and IV, Plaintiff alleges that Defendants violated the Texas Tort Claims Act, V.T.C.A., Civil Practice and Remedies Code § 101.001 through § 102.006. It is within the discretion of this Court to exercise its pendent jurisdiction over state claims. Because this Court has granted summary judgment in favor of Defendants on Plaintiff's federal causes of action, this Court declines to exercise its pendent jurisdiction over the state law claims and therefore dismisses them.

It is therefore ORDERED that the motions for summary judgment filed by the individual police officers are granted.

It is further ORDERED that the motions for summary judgment filed by the cities and police departments are granted as to Plaintiff's 42 U.S.C. §§ 1983, 1985, and 1986 claims.

It is further ORDERED that Plaintiff's claims under the Texas Tort Claims Act are dismissed without prejudice.