737 F.Supp. 541 (1990)
THELMA D., et al., Plaintiffs,
v.
BOARD OF EDUCATION OF the CITY OF ST. LOUIS, et al., Defendants.
No. 89-0010C(6).
United States District Court, E.D. Missouri, E.D.
May 21, 1990.
*542 William Edward Taylor, St. Louis, Mo., for plaintiffs.
Kenneth Brostron, Margaret Mooney, Jeffrey Lowe, Lashly, Baer & Hamel, St. Louis, Mo., for Bd. of Educ. of City of St. Louis.
Jimmy Tansil, pro se.

MEMORANDUM
GUNN, District Judge.
This matter has been stayed pending the Eighth Circuit's ruling on a factually similar case, Jane Doe "A" v. Special School District, No. 88-2537. The Court of Appeals has now affirmed Judge Nangle's order granting summary judgment in favor of the defendants in that case. Jane Doe "A" v. Special School District, 901 F.2d 642 (8th Cir.1990). Accordingly, IT IS HEREBY ORDERED that the stay previously entered herein be and it is lifted. Further, and for the reasons more fully set forth below, the Court grants the motion for summary judgment filed by the Board of Education of the City of St. Louis ("the Board"). Plaintiffs' case against Jimmy Tansil[1] is, of course, unaffected by this order and remains pending.
Plaintiffs, six female children enrolled in public schools supervised and maintained by the Board, assert claims against defendant Jimmy Tansil ("Tansil"), a school teacher employed by the Board, and the Board under 42 U.S.C. § 1983 for violations of their substantive due process rights guaranteed by the fourteenth amendment to the United States Constitution.[2] Plaintiffs allege that Tansil sexually abused them while they were students in his classroom and that the Board either failed to report such abuse or refused to receive, investigate, act upon or otherwise prevent or rectify the situation.
*543 Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983); Vette Co. v. Aetna Casualty and Surety Co., 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986). However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). See also 10A Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d, sec. 2739 (1983).
The Court finds the following facts to be material and undisputed. The Board hired Jimmy Tansil as a probationary employee in September, 1965, and he became a permanent employee in June, 1968. In his deposition, Tansil testified that two separate students each filed a complaint about his having fondled them, one complaint having been filed in 1970 and one in 1979. These complaints were received by Tansil's principal at the time, Sam Schaeffer. Schaeffer is now deceased. The Board objects to this evidence on the basis of hearsay. The Court finds, however, that even if this evidence were admissible, it only goes to the deceased principal's knowledge of two widely-spaced incidents. The principal's knowledge of these incidents does not constitute notice to the Board, nor can the principal's failure to act on this purported knowledge be found to rise above negligence. See, Jane Doe "A", 901 F.2d 642.
In June, 1983 Paul Kuhn, Tansil's principal at that time, received a complaint concerning Tansil's misconduct which Kuhn subsequently reported to Assistant Superintendent David Mahan. Kuhn conducted his own investigation of this allegation and concluded that the allegation had no substance. Plaintiff does not allege that either Kuhn or Mahan reported this complaint either to Superintendent Jerome Jones or the Board. In fact, Tansil testified that no one from the Board ever questioned him about the alleged incident.
In August, 1983, Deputy Superintendent Cozy Marks, Assistant Superintendent Mahan and Kuhns all became aware that Tansil had been arrested and charged with misdemeanor sexual assault involving a former student at Meramec Elementary School. Tansil was tried and acquitted of that charge in 1984. Again, plaintiffs do not allege that the Board had notice of Tansil's arrest or acquittal, and Tansil's deposition testimony was that he had not spoken to anyone from the Board about his arrest or trial.
Superintendent Jones and the individual members of the Board have stated in affidavits that they had no knowledge of these events, nor any other misconduct, until Tansil was arrested in February 1986 for the charges for which he was eventually convicted in January 1987. Plaintiffs have adduced no evidence to contravene these sworn statements.
After receiving complaints about Tansil's misconduct in February, 1986, Superintendent Jones removed Tansil from his teaching position. Jones subsequently filed charges against Tansil for violating Board of Education Regulation 5347 and requested that the Board terminate Tansil as a teacher. On July 14, 1986 Tansil waived his right to a hearing and resigned his position.
As a local governmental entity, the Board may be found liable under § 1983 where an official custom or policy of the Board causes an individual to suffer a constitutional violation. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The *544 Eighth Circuit further delineated the requisite findings for this type of liability in Jane Doe "A":
Official policy involves "a deliberate choice to follow a course of action ... made from among various alternatives" by an official who has the final authority to establish governmental policy. State law identifies which officials make policy....
For the [Board] to be held liable on the basis of custom, there must have been a pattern of "persistent and widespread" unconstitutional practices which became so "permanent and well settled" as to have the effect and force of law. We have held that to establish the existence of a governmental custom or failure to receive, investigate, or act on complaints of violations of constitutional rights, a plaintiff must prove:
1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.
[Citations omitted.] Jane Doe "A", 901 F.2d at 645-46.
The Court finds that the Board is the final policymaking body regarding Board policies.[3] The Court finds further that plaintiffs have failed to prove either the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the Board's employees or the Board's deliberate indifference to or tacit authorization of such conduct after receiving notice of it.
With respect to the "pattern of unconstitutional misconduct," the Court finds that Tansil's conduct, while clearly unconstitutional as alleged, see, Jane Doe A v. Special School District, 682 F.Supp. 451, 457 (E.D.Mo.1988), aff'd, 901 F.2d 642 (8th Cir.1990), may nonetheless not have established a pattern of misconduct prior to his 1986 arrest. See, e.g., Bennett v. Slidell, 728 F.2d 762, 769, 769 n. 3 (5th Cir.) (en banc), petition for reh'g denied, 735 F.2d 861 (5th Cir.1984). Isolated instances of misconduct are not sufficient to impose liability under Monell, The conduct must be caused, or suffered to continue, by an existing, unconstitutional policy or cutom attributable to a municipal policymaker. See, e.g., Patzner v. Burkett, 779 F.2d 1363, 1367 (8th Cir.1985); Jones v. City of Chicago, 787 F.2d 200, 204-05 (7th Cir. 1986). A governmental entity cannot be held liable merely because it employs a tort-feasor. Monell, 436 U.S. at 694, 98 S.Ct. at 2037.
Moreover, the fact that school officials Marks, Mahan and Kuhn were aware of some or all of the incidents and did not report them to the Board or Superintendent Jones rises at best to negligent inaction on their part and therefore cannot form the basis for a constitutional violation. Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Board liability cannot arise from the actions of Marks, Mahan and Kuhn, as these three officials are not imbued with policymaking authority. See, City of St. Louis v. Praprotnik, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).
Of great importance here is the fact that plaintiffs have failed to adduce anything to contravene the affidavits of the individual Board members and Superintendent Jones that the Board had no notice whatsoever of Tansil's actions or the inaction of Marks, Mahan and Kuhn. Fed.R. Civ.P. 56(e). Thus, whether or not a pattern *545 of unconstitutional misconduct can be established, the second element necessary to a finding of Board liability  notice to the Board  is lacking. Jane Doe A, 901 F.2d 642. Indeed, "lack of sufficient notice alone precludes imposing liability." Patzner v. Burkett, 779 F.2d 1363, 1367 n. 4 (8th Cir.1985).
For all the above reasons, the Court grants the Board's motion for summary judgment.
NOTES
[1] Tansil is currently serving a 16-year sentence at the Missouri Eastern Correctional Center in Pacific, Missouri following his conviction on January 17, 1987 of three counts of sodomy and five counts of sexual abuse first degree. These plaintiffs were among the victims of those crimes.
[2] Plaintiffs' complaint originally contained a second count based on equal protection violations. At pretrial conference, however, plaintiffs' counsel announced that plaintiffs would withdraw these claims.
[3] The Board has acknowledged this fact for the purposes of this summary judgment motion and has provided the Court with the statutory authority creating the Board's policymaking authority. See, generally, Mo.Rev.Stat. §§ 162.621, 168.211 and 168.221 (1986).