**Priscilla WARD, Plaintiff,**

v.

**Barney MORRIS, the Justice Court of Alcorn County, Alcorn County, Mississippi, Defendants.**

**No. 1:95CV77–S–D.**

United States District Court, N.D. Mississippi, Eastern Division.

Aug. 24, 1995.

Paul F. Rice, Jackson, TN, Tim Balducci, Webb, Sanders, Denton, Balducci, Smith, and Faulks, Tupelo, MS, for plaintiff.

Anthony L. Farese, Farese, Farese & Farese, P.A., Ashland, MS, for defendant Barney Morris.

Wendell H. Trapp, Jr., Tacey Clark Humphrey, Mitchell, McNutt, Threadgill, Smith and Sams, P.A., Corinth, MS, for defendants Alcorn Co., MS and the Justice Court of Alcorn Co., MS.

## OPINION

SENTER, Chief Judge.

In this case, plaintiff alleges that defendants violated her constitutional rights in connection with the alleged attempts of the defendant justice court judge to procure sexual favors from plaintiff. This cause is presently before the court on (1) the motions of the justice court and county to dismiss or, alternatively, for summary judgment and to strike and (2) the cross-motion of plaintiff for summary judgment.

## FACTS [1]

The plaintiff, Priscilla Ward, purchased an automobile in Mississippi and tendered a note to the seller secured by the automobile's certificate of title. Ward moved to Tennessee, and the seller pressed charges against her for "removing secured property worth over $400.00 from the State" in violation of Miss.Code Ann. § 97-17-77. In February, 1994, Ward presented herself to the Justice Court of Alcorn County, Mississippi, for an appearance on that charge and to seek appointed counsel. The defendant, Barney Morris, the justice court judge,[2] invited Ward into his private chambers and made unwanted sexual advances towards her.

This action against Morris, the justice court, and Alcorn County ensued. In it, Ward charges that "[a]ll actions complained of were taken pursuant to the policies, practices and customs of the Justice Court of Alcorn County and Alcorn County, Mississippi, by Barney Morris, who was also a policymaker for said office." The justice court and Alcorn County have now moved for dismissal, arguing that the justice court is not a suable entity and that the complained-of actions were not the result of a county policy, custom, or practice. In response, Ward, of course, argues the contrary and seeks rulings as a matter of law that the justice court "is an entity subject to suit in this court" or, alternatively, that Morris's "non-judicial functions" are county, not state, functions. She also maintains that "discovery is needed to explore the particulars of any delegations of power by the County Board of Supervisors to the ... judge ... and to further explore just how widespread the pattern of conduct exhibited by Mr. Morris actually was."

## DISCUSSION

### I.

The moving defendants initially argue that the Justice Court of Alcorn County is not an entity amenable to suit. The court agrees, although for reasons different from those advanced. In short, a court is not a "person" within the meaning of § 1983.[3] *Harris v. Champion,* 51 F.3d 901, 905–906 (10th Cir.1995). Although the Fifth Circuit has not addressed this question, every court that has considered it has reached the same conclusion, both before and after *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). *See, e.g., Mumford v. Zieba,* 4 F.3d 429, 435 (6th Cir.1993); *Clark v. Clark,* 984 F.2d 272, 273 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993); *Foster v. Walsh,* 864 F.2d 416, 418 (6th Cir.1988); *McFarland v. Folsom,* 854 F.Supp. 862, 874 n. 9 (M.D.Ala.1994); *Ippolito v. Florida,* 824 F.Supp. 1562, 1572 (M.D.Fla.1993); *Arthur v. Supreme Court of Iowa,* 709 F.Supp. 157, 159 (S.D.Iowa 1989). The motion by the justice court and the county for summary judgment on this issue is therefore granted; and all claims against

---

1. These facts are taken from plaintiff's complaint and for purposes of the pending motions are, of course, taken as true.

2. Morris was elected in 1991, and served as justice court judge until he resigned in January, 1995.

3. As this is strictly a legal finding and depends on no factual determination, discovery is unnecessary.

**118**

the Justice Court of Alcorn County are dismissed with prejudice. In this regard, Ward's cross-motion for summary judgment is denied.

### II.

■ Defendant Alcorn County argues finally that it cannot be held liable for any of Morris's alleged actions because (1) he is not a policymaker for the county and (2) his actions do not represent the policy, custom, or practice of the county. For the county to incur liability for Morris's actions, the court must find that, as a matter of state law, Morris possessed "final policymaking authority for the local governmental actor concerning the particular constitutional or statutory violation at issue," *Jett v. Dallas Independent School District*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989), or that his actions, as a county official or employee, were so "persistent [and] widespread," *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir.1984) (en banc), *cert. denied*, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985), "common and well settled," *Bennett*, 735 F.2d at 862, "as to constitute a custom that fairly represents [county] policy." *Id.*

■ After careful consideration, the court can find no authority for concluding that under Mississippi law Morris was an official policymaker for Alcorn County or that he was in any pertinent way a county official or employee.[4] Morris was a member of the state judiciary, and his duties were imposed by the Mississippi Constitution and state law. Although Mississippi law does confer certain duties upon the county with respect to the functioning of the justice court itself, *see, e.g.,* Miss.Code Ann. §§ 9–11–5 (county shall provide courtroom) and 9–11–27 (board of supervisors shall appoint and pay court clerk), it does not otherwise grant the county any control whatsoever over the actions of the justice court judge. As the Fifth Circuit has "repeatedly held," *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir.1992), a judge acting in his "judicial capacity to enforce state law

does not act as a municipal official or lawmaker." *Johnson*, 958 F.2d at 94. The Fifth Circuit has found otherwise with respect to judges performing administrative duties who, for example, are "charged by the state constitution and statutes with the performance of numerous executive, legislative and administrative chores in the day-to-day governance of the county," *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir.1980), but that is not the case here. Although Morris's alleged acts may have been sufficiently nonjudicial for purposes of defeating his judicial immunity (a question not presently before the court and one about which the court expresses no opinion), that issue and the matter of county liability under § 1983 are separate and distinct. Without a doubt, the sexual harassment of a female defendant cannot be categorized as an administrative duty so as to place this case outside the holding of *Johnson.* Summary judgment is therefore granted in the county's favor, and all claims against Alcorn County are hereby dismissed with prejudice. The alternative basis for Ward's cross-motion for summary judgment is denied.[5]

### CONCLUSION

Having carefully considered the matter, the court finds that the Justice Court of Alcorn County is not a "person" within the meaning of § 1983 and that Alcorn County, Mississippi, is not liable for the alleged actions of defendant Barney Morris as he was not a county policymaker or otherwise a county official or employee. Summary judgment is therefore granted in favor of the justice court and the county and plaintiff's cross-motion for summary judgment is denied in its entirety. The motion to strike is also denied.

An appropriate order shall issue.

---

4. As with the previous holding, the court believes the issue is legal in nature and that discovery is therefore unnecessary.

5. Although the court did not find counsel's affidavit and Morris's plea agreement persuasive, those documents may remain in the record. The motion to strike is therefore denied.