IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-10987
Summary Calendar
_____


J. CHRISTOPHER TARANTINO,

                                    Plaintiff-Appellant,

                    versus

DARR D. PIERCE, Individually and in his
capacity as a City of Dallas Fireman,

                                    Defendant,

CITY OF DALLAS,

                                    Defendant-Appellee.

_____

Appeal from the United States District Court for
the Northern District of Texas
(3:97-CV-426-D)
_____

June 15, 1998

Before REAVLEY, KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Appellant J. Christopher Tarantino sued Darr Pierce, a

firefighter for the City of Dallas, and the City of Dallas (City)

for injuries allegedly sustained during an altercation between

Tarantino and Pierce.  The district court granted summary

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment for the City, certifying the partial judgment as final and appealable under Fed. R. Civ. P. 54(b). Tarantino appeals the judgment in favor of the City, arguing that he raised fact issues precluding summary judgment on his federal and state claims. He also argues that the district court erred in denying his motions for leave to amend and to continue the summary judgment proceedings to allow for further discovery. We affirm.

Summary judgment was properly granted on the state law negligence and gross negligence claims. The complaint alleged that on May 5, 1995, Pierce "physically assaulted, battered and officially pressed"[1] Tarantino. Tarantino asserted in an affidavit that he was attacked by Pierce, "who appeared to be in a violent rage for no provocation after asking for assistance for disabled motorists." This incident occurred at a fire station.

Under the Texas Tort Claims Act, sovereign immunity is not waived on any claim "arising out of assault, battery, false imprisonment, or any other intentional tort . . . ."[2] Even if the claim can be characterized as one for negligence or gross negligence, sovereign immunity is only waived if the injury arises from the operation or use of a motor-driven vehicle or

---

[1] In his motion for leave to amend, Tarantino explained that "pressed" in the original complaint should have read "oppressed."

[2] TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 (West 1997). The Act applies to political subdivisions of the state, including cities. *Id*. § 101.001(2)(B).

equipment, or was caused "by a condition or use of tangible personal or real property."[3]  Tarantino's alleged injury does not fall within these categories.

While Tarantino argues that he was injured when Pierce threw him to the ground, this "use" of real estate was so incidental to the alleged physical assault that we do not believe Texas has waived sovereign immunity from such a claim.  The Texas Supreme Court recently emphasized that "the waiver of immunity in the Tort Claims Act is not, and was not intended to be, complete."[4] It rejected the notion that the mere involvement of property in the injury is sufficient to waive sovereign immunity.

> If only involvement were required, the waiver of immunity would be virtually unlimited, since few injuries do not somehow involve tangible personal or real property.  Requiring only that a condition or use of property be involved would conflict with the Act's basic purpose of waiving immunity only to a limited degree.[5]

Instead, the court held that "[p]roperty does not cause injury if it does no more than furnish the condition that makes the injury possible."[6]  The plaintiffs had alleged that their son escaped from a mental institution and committed suicide because a technician had unlocked an outer door and an inner door was left

---

[3]  *Id.* § 101.021.

[4]  *Dallas County Mental Health & Mental Re Ctr. v. Bossley*, 1998 WL 169715, at *3 (Tex. Apr. 14, 1998).

[5]  *Id.* at *4.

[6]  *Id.*

unlocked.  The plaintiffs alleged that unlocking the outer door was a "use" of property, and that the unlocked inner door was a "condition" of the property.  The court held that although the son's "escape through the unlocked doors was part of a sequence of events that ended in his suicide, the use and condition of the doors were too attenuated from [the son's] death to be said to have caused it."[7]  In the pending case, the "use" of property was even more incidental to the injury.

As to Tarantino's federal claim under 42 U.S.C. § 1983, the complaint did not assert a federal cause of action against the City.  It alleged that "[t]he City is vicariously liable for any negligence of Darr D. Pierce in this regard."  Municipalities cannot be held liable under § 1983 under a *respondeat superior* or vicarious liability theory.[8]  Further, § 1983 liability does not extend to conduct that is merely negligent.[9]

Tarantino complains that the district court erred in denying his motion to amend his complaint and his motion to continue the summary judgment motion to allow additional discovery.  The substantive law of municipal liability is relevant to both issues.  Under § 1983, "Congress did not intend municipalities to

---

[7]  *Id.*

[8]  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

[9]  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 349 (1986).

4

be held liable unless action pursuant to official municipal

policy of some nature caused a constitutional tort."[10]  An

official policy is:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.  Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.[11]

In the case of a municipality's alleged failure to train its

employees, the Supreme Court has rejected a gross negligence

standard in favor of a deliberate indifference standard.  The

plaintiff must show a deliberately indifferent policy of training

that was the "closely related" cause of the constitutional

violation.[12]

"Whether leave to amend should be granted is entrusted to

the sound discretion of the district court, and that court's

---

[10]  *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978).

[11]  *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984)(en banc).

[12]  *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994) (en banc) (discussing *Canton*, *supra* n.8).

5

ruling is reversible only for an abuse of discretion."[13]  Leave to amend need not be given if the complaint as amended would be subject to dismissal.[14]  In ruling on a motion for leave to amend, the court may consider whether granting leave to amend would impose undue prejudice on the opposing party.[15]

Fed. R. Civ. P. 56(f) provides that the court may continue a summary judgment motion to allow additional discovery, "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition."  Rule 56(f) is only applicable to situations where a party shows that the additional discovery will aid it in presenting a viable opposition to the summary judgment motion.[16]  A party seeking continuance of a motion for summary judgment in order to obtain further discovery must show "why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact.  The nonmoving party 'may not simply rely on vague assertions that additional discovery will produce needed, but

---

[13]  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

[14]  *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980).

[15]  *Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1303 (5th Cir. 1995).

[16] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

unspecified facts.'"[17]   We review the district court's denial of a Rule 56(f) motion for abuse of discretion.[18]

We conclude that the district court did not abuse its discretion in the denying the motions to amend and for a Rule 56(f) continuance.  First, granting the motions would have prejudiced the City, which had already moved for summary judgment in reliance on the claims alleged in the original complaint.  The original complaint did not include a federal claim against the City.  We have noted as a general proposition that "[a] party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint."[19]

Second, Tarantino did not show that he even understood the burden he faced in making a showing of municipality liability under § 1983, much less that he was capable of making such a showing with further discovery.  The proposed amended complaint added an allegation that "[t]he City is alternatively liable because of a pattern, practice or policy of constitutional violations or grossly inadequate training that was likely to result in constitutional violations."  The Rule 56(f) motion states that plaintiff and his attorney "are aware of police and

---

[17] *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)(citations omitted; emphasis in original).

[18] *Id*. at 1441.

[19] *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990) (quoting district court below).

7

fire department employees who have committed violent acts due to job-related stress and who feel that the City's response to job-related stress is grossly inappropriate." The references to "grossly inadequate" or "grossly inappropriate" training suggest a gross negligence standard. As explained above, municipal liability for failure to train cannot be based on a gross negligence; the more stringent deliberate indifference standard applies. The motion for leave to amend states that plaintiff "seeks to add an allegation to make it clear that the City of Dallas is alleged to be liable vicariously for the constitutional deprivation of its employee." As explained above, municipalities cannot be held vicariously liable under § 1983. Tarantino's affidavit states that he has heard City firemen admit that job-related stress has brought them to the verge of violence, that City supervisors discouraged them from getting appropriate help, and that "I also have the sense that these problems may have been widespread." However, Tarantino did not indicate that he understood, intended to prove, or was capable of proving that the City's practice of discouraging firemen from getting appropriate psychological help was so common and well settled as to constitute a custom that fairly represents municipal policy, or that actual or constructive knowledge of such custom is attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority.

8

As explained above, the plaintiff must make such showings to prevail against a municipality under § 1983.

Finally, we note that the proposed amended complaint did not state a claim against the City under state law. Insofar as it can be read to assert a negligent training claim under state law, the waiver of sovereign immunity under state law only extends to the operation of motorized vehicles or equipment, and injuries caused by the operation or use of tangible personal or real property, as explained above. A negligent training claim does not fall under these exceptions to sovereign immunity.

AFFIRMED.