IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-50716
Summary Calendar

LARRY DEAN CRULL,

Plaintiff - Appellant,

v.

CITY OF NEW BRAUNFELS, TEXAS; NEW BRAUNFELS POLICE
DEPARTMENT; MICHAEL O. PENSHORN, Officer; CHRISTOPHER
SCOTT, Officer,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-772

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Larry Dean Crull ("Crull") appeals from the district court's grant of the motion to dismiss of Defendants Michael Penshorn ("Penshorn"), Christopher Scott ("Scott"), and the City of New Braunfels Police Department ("Police Department"), and the motion for summary judgment of Defendant City of New Braunfels, Texas ("City"). We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Crull filed his complaint on September 18, 2006, alleging various civil rights claims and naming Officer Penshorn, Officer Scott, the Police Department, and the City as Defendants. Crull's claims arise from the Police Department's seizure of a flat-bed trailer, owned by James Swiney, but driven by Crull at the time of the seizure. Swiney was involved in a dispute with Doug Williams, and had loaded the trailer with property that was the subject of the dispute. On September 2, 2005, Crull drove a pick-up truck towing the flat-bed trailer into a Wal-Mart parking lot located in the City. Williams filed a theft report with the Police Department, alleging that the trailer contained property stolen from him. Officer Penshorn seized the trailer pursuant to Chapter 47 of the Texas Code of Criminal Procedure. Pursuant to that same section, a trial was held by a justice of the peace in Comal County, and orders were issued regarding the ownership of the property claimed by both Swiney and Williams. Crull claims that there were items of his property located on the seized trailer as well, and that these items were never returned to him. He contends that his property was omitted from the inventory of seized items and that he was excluded from the judicial proceedings that ultimately resolved the ownership of the property. He alleges that the Defendants' failure to return his property violated his rights to due process and equal protection of the law. Crull's complaint also alleges that he was denied equal protection because he complained on numerous occasions that Williams threatened him and Officers Penshorn and Scott refused to complete reports concerning these threats.

On October 18, 2006, Defendants Penshorn, Scott, and the Police Department filed motions to dismiss. Penshorn and Scott argued that they were entitled to qualified immunity, and the Police Department asserted that it lacked the capacity to be sued. The magistrate judge issued a report and recommendation finding that the motions should be granted, and on April 6, 2007, the district court adopted the report and recommendation and dismissed

Penshorn, Scott, and the Police Department from the case. Subsequently, the City moved for summary judgment on Crull's 42 U.S.C. § 1983 claim on the grounds that no evidence exists that the alleged deprivation was caused by an official City policy. The magistrate issued a report and recommendation that the City be granted summary judgment, and on May 31, 2007 the district court adopted this order and dismissed the City from the case.

Crull has appealed all four dismissals. Briefs of pro se litigants are liberally construed. Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988). Nevertheless, such litigants must brief issues to preserve them. Id. (finding inadequate fleeting error claims that provide no analysis or authority) (citing FED. R. APP. P. 28(a)(4)); see also In re Tex. Mortgage Servs. Corp., 761 F.2d 1068, 1073 (5th Cir. 1985) (holding abandoned appellant's unbriefed claims). "We will not raise and discuss legal issues that [an appellant] has failed to assert." Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Crull asserts that the district court erred in dismissing his claims against Defendants, but he merely recounts the facts giving rise to his allegations against Defendants. He cites no legal authority, and fails to make "even the slightest identification of any error in the [district court's] legal analysis." Id.

The district court granted Penshorn and Scott's motion to dismiss on the basis of qualified immunity. We review a district court's decision on a 12(b)(6) motion de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff. Walker v. S. Cent. Bell Tel. Co., 904 F.2d 275, 276 (5th Cir. 1990). "Qualified" or "good faith" immunity shields government officials performing discretionary functions from liability "unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Jacquez v. Procunier, 801 F.2d 789, 791 (5th Cir. 1986) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The threshold question in a qualified immunity analysis is whether, taken in the

light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right. If the allegations do not show the violation of a constitutional right, the officer is entitled to qualified immunity. Saucier v. Katz, 533 U.S. 194, 201 (2001). If the party asserting the injury alleges facts establishing the violation of a constitutional right, then the court must consider whether the officer's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident. Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994).

Crull argues that Penshorn violated his rights[1] because Penshorn unlawfully seized his personal property without a search warrant and without due process of law. Taken in the light most favorable to Crull, these facts do not establish a constitutional violation. First, as alleged by Crull, the police had received a report that the trailer contained stolen property and the trailer was parked on public property. Therefore, the police were entitled to conduct a warrantless search and seizure of the trailer and its contents. See, e.g., Florida v. White, 526 U.S. 559, 566 (1999) (holding that warrantless search and seizure of vehicle located on public property did not violate Fourth Amendment when based on probable cause). Consequently, this initial search and seizure did not violate any of Crull's constitutional rights. Second, Crull's factual allegations indicate that Penshorn acted pursuant to Texas Code of Criminal Procedure §§ 47.01 - 47.12 in detaining the seized property and providing for its disposition. These procedures satisfy procedural due process, as they provide for a prompt post-seizure hearing. Therefore, Penshorn's actions in detaining the seized property did not violate Crull's right to due process. Because the facts alleged by Crull, even taken in the light most favorable to him, do not allege that

---

[1] Crull does not cite to any specific provision of the Constitution, but his allegations appear to be asserting violations of the due process clause and equal protection.

Penshorn violated Crull's constitutional rights, the district court was correct in dismissing these claims on the basis of qualified immunity.

Crull's complaint also alleged that Penshorn and Scott violated his right to equal protection because he complained on numerous occasions that Williams threatened him and Penshorn and Scott refused to complete reports concerning these threats. These claims, too, must fail. The essence of an equal protection claim is that the plaintiff was treated differently than similarly situated persons. See, e.g., Stoneburner v. Sec'y of the Army, 152 F.3d 485, 491 (5th Cir. 1998). Crull has not alleged that he was treated differently than similarly situated persons; thus, he has not alleged an equal protection claim. The district court's dismissal of these claims was proper.

The district court dismissed Crull's claims against the Police Department on the basis that the Police Department lacks the authority to be sued. The capacity of an entity to be sued is determined "by the law of the state where the court is located." FED. R. CIV. P. 17(b); see also Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991). In order for a plaintiff to sue a department of a city, that department must enjoy a separate legal existence. Darby, 939 F.2d at 313. Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued. Id. Here, the City charter grants all the general powers of a city to the City itself; it does not grant the Police Department the power to sue or be sued. Therefore, the Police Department is not a separate legal entity apart from the City and the district court did not err in dismissing the claims against the Police Department. See id. at 314 (dismissing Title VII suit against police department because department was not a separate legal entity); Padilla v. Twp. of Cherry Hill, 110 F. App'x 272, 278 (3d Cir. 2004) (dismissing § 1983 claims against a police department because police

department is merely an arm of the municipality and is not a separate legal entity).

Crull's complaint also asserted claims against the City. Although Crull has never identified his legal theory, the district court presumed, and we do as well, that Crull is attempting to recover under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 689 (1978). Monell permits a plaintiff to sue a municipality, under 42 U.S.C. § 1983, for the violation of a constitutional right where the municipality has a policy or custom that caused plaintiff's injury. Id.; Bennett v. City of Slidell, 735 F.2d 861, 862 (5th Cir. 1984). The plaintiff must identify the specific policy or custom, and show that the final policy maker, through its "deliberate conduct," was the "moving force" behind the violation. Bd. of County Comm'rs v. Brown, 520 U.S. 397, 405 (1997). Although Crull's complaint alleges that the City deprived him of his property without due process, Crull's complaint fails to identify any official policy or established custom that was the source of the deprivation. As such, the district court's dismissal of this claim was correct.

The judgment of the district court is AFFIRMED.