Herbert **DARBY**, Plaintiff–Appellant,

v.

**PASADENA POLICE DEPARTMENT,** Defendant–Appellee.

No. 91–2068

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1991.

Wayne A. Risoli, Honigman, Miller, Schwartz & Cohen, Houston, Tex. (court-appointed), for plaintiff-appellant.

Tom M. Davis, Robert C. Rice, Davis & Shank, Houston, Tex., Don W. Smith, Pasadena, Tex., for defendant-appellee.

Before KING, GARWOOD, and DUHÉ, Circuit Judges.

KING, Circuit Judge:

Appellant Herbert Darby brought suit under Title VII of the Civil Rights Act of 1964, seeking redress for his termination from the Pasadena Police Department. The district court dismissed the claim, finding that the complaint, which sued only the department and not the City of Pasadena, was filed improperly against a nonexistent jural entity. The district court also denied appellant's motion for leave to amend his complaint to name the City of Pasadena. We affirm in part and reverse in part.

## I.

Herbert Darby is a black police officer who formerly worked for the Pasadena Police Department. While working for the police, Darby and his younger brother allegedly went to several car dealers and banks seeking assistance for his brother in obtaining a car loan. Darby and his brother filled out credit applications, but Darby put only his brother's social security number, rather than his own, on the applications, allegedly because title to the car was to be in his brother's name.

After several of the lenders contacted the police to verify the information on the

credit applications, the department decided to investigate the matter. Upon discovering the discrepancy in the social security numbers, the police suspended Darby for knowingly providing false financial information in order to obtain a loan. The police later filed criminal charges against Darby, even though none of the lenders pursued any charges against him. Darby then was terminated.

After proceeding before the Equal Employment Opportunity Commission, Darby sued the department under Title VII. The suit did not name the City of Pasadena as defendant; rather, it simply sought judgment against the department standing alone. Two and a half years after the suit had begun, the department moved that the case be dismissed because the department did not have the capacity to be sued as an independent entity. Although Darby requested leave to amend his pleadings, the district court denied the motion. Agreeing that the department could not be sued as an independent entity, the district court dismissed the suit with prejudice. Darby now appeals.

## II.

■ Darby contends that the district court erred in holding that the police department had no independent capacity to be sued, and that even if it did not, it abused its discretion by refusing to allow him to amend his complaint so that he might sue the proper entity. We deal with each contention in turn.

Darby alleges that the police violated Title VII by terminating his employment. In order to vindicate this alleged wrong, Darby sued the department itself, but not the City. This was improper.

The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." Fed.R.Civ.P. 17(b). In this case, Pasadena is a home rule municipality. The Texas Code grants all authority to organize a police force to the city itself, *see* Tex. Local Gov't Code Ann. § 341.003, and the Home Rule Charter of the City of Pasadena in turn reserved to the municipality itself the power to sue and to be sued. Home Rule Charter, City of Pasadena, Texas, Art. 1, § 2. The Charter nowhere grants the department the power to sue or be sued.

A Texas home rule city is organized not unlike a corporation. Like a corporation, it is a single legal entity independent of its officers. Also like a corporation, a Texas city is allowed to designate whether one of its own subdivisions can be sued as an independent entity. Absent this authorization, Darby's suit no more can proceed against the police department alone than it could against the accounting department of a corporation.[1]

In order for a plaintiff to sue a city department, it must "enjoy a separate legal existence." *Mayes v. Elrod,* 470 F.Supp. 1188, 1192 (N.D.Ill.1979); *accord Owyhee,* 637 F.2d at 697. Pursuant to these principles, we have held that a political subdivision cannot pursue a suit on its own unless it is "a separate and distinct corporate entity." *Kirby Lumber Corp. v. State of La. through Anacoco–Prairie State Game and Fish Comm'n,* 293 F.2d 82, 83 (5th Cir.1961). Accordingly, our cases uniformly show that unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself. *E.g., id.; Taylor v. Administrator of the SBA,* 722 F.2d 105, 110–11 (5th Cir.1983); *accord*

---

1. *See, e.g., Stratton v. City of Boston,* 731 F.Supp. 42, 46–47 (D.Mass.1989); *Hughson v. County of Antrim,* 707 F.Supp. 304, 306 (W.D.Mich.1988); *Latino Political Action Committee, Inc. v. City of Boston,* 581 F.Supp. 478, 484 (D.Mass.1984), *aff'd,* 784 F.2d 409 (1st Cir.1986); *cf. Owyhee Grazing Ass'n, Inc. v. Field,* 637 F.2d 694, 697 (9th Cir.1981).

   We also note that Texas state courts accord similar treatment to Texas agencies in local courts. The touchstone under Texas law is whether the sued servient entity has been granted the capacity "to sue and to be sued." *See, e.g., Fazekas v. University of Houston,* 565 S.W.2d 299, 302 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.), *appeal dismissed,* 440 U.S. 952, 99 S.Ct. 1487, 59 L.Ed.2d 765 (1979).

*J.C. Driskill, Inc. v. Abdnor,* 901 F.2d 383, 386 (4th Cir.1990).

Darby has failed to show that the City of Pasadena ever granted its police department the capacity to engage in separate litigation. His suit, as it stands, seeks recovery from a legal entity that does not exist for his purposes. The district court therefore did not err by holding that Darby's suit was brought against an entity with no jural existence, and hence, subject to dismissal. *See Kirby,* 293 F.2d at 83–84; *cf. Avery v. Burke County,* 660 F.2d 111, 114 (4th Cir.1981).

■ Darby raises two arguments that he believes make the district court's actions improper. He first contends that Title VII, by extending its reach to any employer or "agent of such person," 42 U.S.C. § 2000e(b), conferred jural existence on the police as an agent of the City of Pasadena. He therefore contends that Title VII overrides local law and grants him the right to sue the department as an independent entity.

We do not agree with this reasoning. Congress, in enacting Title VII, created a cause of action for victims of discrimination. This made all covered employers liable for any discrimination that they might occasion. It did not, however, speak to whether a plaintiff should name a subdivision or the ultimate employer on the first page of his complaint, and it did not provide an exception to the normal rule that a government entity may choose the level at which it will pursue and defend all lawsuits involving it.

In short, Title VII grants Darby a cause of action. It does not, however, override Pasadena's decision that all cases, Title VII or otherwise, proceed against it as a corporate entity. Darby should have pursued his same cause of action against the entity that Pasadena designated as responsible for all city lawsuits. Title VII contains nothing to change this.

■ Darby also contends that the district court erred by not allowing him to amend his claim so that it properly might proceed against the City of Pasadena itself. We evaluate the district court's decision for abuse of discretion. *Carter v. Procunier,* 755 F.2d 1126, 1129 (5th Cir.1985); *In re Texas Extrusion Corp.,* 844 F.2d 1142, 1158 (5th Cir.), *cert. denied,* 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988). Although leave is to be freely granted, "leave to amend should not be given automatically." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.,* 690 F.2d 1157, 1163 (5th Cir.1982), *cert. denied,* 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983).

The Supreme Court has established that a court may deny leave to amend where there is:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In this case, the police contend that the dismissal was justified because Darby completely failed to pursue his claim for over two years prior to its dismissal.

Had the district court dismissed the suit as a sanction against Darby for not pursuing his suit, we could consider Darby's lack of diligence in our own evaluation of whether denial of leave to amend was improper. The court, however, made no such determination. Accordingly, we evaluate Darby's request to amend his complaint not based upon his lack of diligence, but rather with regard to whether his improper pleading caused the City of Pasadena to suffer any prejudice in its defense of its lawsuit.[2]

---

2. We are aware that Darby has failed to pursue his case with even a semblance of diligence. As the docket sheet reveals, this case was filed in May of 1988, and the district court told the parties that they must finish all discovery by December 1, 1989. After this time period proved insufficient for what really is a fairly simple Title VII action, the district court issued a second order, extending discovery until September 4, 1990, with trial to occur on November 5, 1990. On October 30, 1990, well after the second discovery deadline and close to the very eve of trial, Darby filed a motion for continu-

In this case, Darby failed to sue the proper party and left his error uncorrected for two and a half years. We confronted a similar situation in *Chancery Clerk of Chickasaw County, Mississippi v. Wallace*, 646 F.2d 151 (5th Cir. Unit A 1981). In *Wallace*, we allowed an errant plaintiff who had sued the wrong parties to amend his pleadings on appeal, stating that "[t]o regard the plaintiffs' selection of the wrong government officials in mounting this suit as anything more than a remedial pleading defect ... would be to elevate form over substance." *Id.* at 160.

We reach a similar result today. We decided *Wallace* based upon a notice and prejudice test. As in *Wallace*, the City of Pasadena received actual notice of the claim against it. In fact, in the instant case, the City's attorney has been defending the case all along, and himself believed that the case properly was filed against the department. The City received notice and, right up until the eve of trial, conducted its case exactly as it would have had Darby sued the proper entity. While Darby may have filed his suit improperly, it certainly did not prejudice Pasadena in any way. *See id.* at 160–61.

Accordingly, we agree with the district court that the nonamended complaint asserts no cause of action against an independent legal entity. We do not, however, agree that Darby should be denied leave to amend his complaint to fix this defect. We therefore AFFIRM in part, REVERSE in part, and REMAND the case for further proceedings in accordance with this opinion.

ance, on the grounds that he needed still more time for discovery.

At the November 5th trial, Darby stated that he was not ready to try his case and that he needed at least ninety additional days to conduct more discovery. The district court's dismissal may well have been a sanction against Darby's lack of diligence. The district court, however, made no such indications, and we therefore cannot consider such unarticulated factors in our own decision. If a district court wishes to dismiss a case for failure to prosecute, it properly can do so—but if it so wishes, it must so state. This is not a call that we will intuit for the first time on appeal.