IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10616
Summary Calendar
_____

PETE VARDAS, JR.,

Plaintiff-Appellant,

versus

CITY OF DALLAS, TEXAS; DALLAS POLICE
PROPERTY ROOM; BRUCE ANTON, Attorney at Law,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-504
--------------------
November 21, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pete Vardas, Jr., Texas prisoner # 486618, appeals from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Vardas is serving a fifteen-year sentence imposed in 1988 after pleading guilty to robbery. He alleged in his complaint that in 2001 he moved pursuant to the newly-enacted TEX. CODE CRIM. P. art. 64.01 for DNA testing but learned that the evidence he sought to have tested (a knife) had

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

been destroyed one year earlier. Vardas alleged, and he argues on appeal, that the destruction of evidence pursuant to a city ordinance denied him his right to prove his innocence and invalidated his sentence. He also argues that his guilty plea was involuntary, that he was not informed of his right to appeal the denial of DNA testing, and that the district attorney failed to comply with discovery.

Most of Vardas's claims implicate the validity of his conviction and are not cognizable in a 42 U.S.C. § 1983 complaint. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). To the extent that Vardas has stated a cognizable claim, he has not shown that his due process rights were violated by the destruction of evidence twelve years after his conviction and one year before the state statute permitting DNA testing was enacted. See Arizona v. Youngblood, 488 U.S. 51, 56 (1988). Moreover, neither the Dallas Police Department Property Room nor court-appointed attorney Anton are capable of being sued in a 42 U.S.C. § 1983 action. See Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991); Polk County v. Dodson, 454 U.S. 312, 324-25 (1981); see also Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988).

Vardas argues that the district court erred by dismissing his complaint without conducting a hearing or permitting him an opportunity to amend. Vardas has not shown that the district court abused its discretion in dismissing the complaint. See

Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994); Wilson v.

Barrientos, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

Vardas has moved for leave to proceed in forma pauperis

("IFP") on appeal.  Because the district court has permitted

Vardas to proceed on appeal pursuant to 28 U.S.C. § 1915(b)(2),

the motion is DENIED AS UNNECESSARY.  All other outstanding

motions are also DENIED.

AFFIRMED.  MOTION for IFP DENIED AS UNNECESSARY.  ALL OTHER

MOTIONS DENIED.