**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-11117
Summary Calendar
_____


DAVID JAMES HENDERSON,

Plaintiff-Appellant,

versus

MID STATES SERVICES, INC.;
TARRANT COUNTY JAIL MEDICAL STAFF;
O. JOHNSON, Lieutenant,
Tarrant County Sheriff Department,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-751-Y
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

David James Henderson, Texas prisoner number 0346315, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit as frivolous and for failure to state a claim. Henderson also moves this court for the appointment of counsel. His motion for the appointment of counsel is DENIED.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"To plead a constitutional claim for relief under § 1983, [a plaintiff must] allege a violation of a right secured . . . by the Constitution or laws of the United States and a violation of that right by one or more state actors." Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994). We review the district court's dismissal of Henderson's suit under the de novo standard. Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). Henderson has not shown that the district court erred in dismissing his claims against defendant Mid States Services, Inc., as he has not shown that this defendant violated his constitutional rights.

Henderson likewise has not shown that the district court erred in dismissing his claims against the Medical Department of the Tarrant County Jail. He has not shown that the Medical Department is a legal entity amenable to suit, nor has he shown that his alleged injuries were due to any county policy or custom. See Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978); Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991). Finally, Henderson has not shown that defendant Johnson violated his Eighth Amendment rights, as he has not shown that Johnson was aware of a substantial risk to his health and ignored this risk. See Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Henderson has not shown that the district court erred in dismissing his § 1983 suit as frivolous and for failure to state a claim. Accordingly, his appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir.

1983).  This dismissal of a frivolous appeal constitutes one strike against Henderson for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal of his complaint.  See Adepeqba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  If one other district court action or appeal filed by Henderson is dismissed as frivolous, he will be barred from bringing a civil action or appeal as a prisoner proceeding in forma pauperis unless he is under imminent danger of serious physical injury.  See  28 U.S.C. § 1915(g).

MOTION FOR APPOINTMENT OF COUNSEL DENIED.  APPEAL DISMISSED AS FRIVOLOUS.  5TH CIR. R. 42.2.  SANCTIONS WARNING ISSUED.