United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10029
Conference Calendar

_____

KENT ALTONIO ROGERS,

                              Plaintiff-Appellant,

versus

EULESS POLICE DEPARTMENT,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-1328-A
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:*

    Kent Altonio Rogers ("Rogers"), Texas prisoner #1193584,

appeals from the district court's dismissal of his 42 U.S.C.

§ 1983 action for failure to state a claim pursuant to 28 U.S.C.

§§ 1915(e)(2), 1915A(b).  Rogers argues that, prior to his

incarceration, the Euless, Texas, Police Department violated his

constitutional rights by failing to protect him from a man who

assaulted him after Rogers had filed numerous police reports

against him.  For the first time on appeal, Rogers alleges that

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Detective R.S. Lewis and other Euless Police Department officers discriminated and conspired against him in the course of their investigation of sexual assault and rape charges against him.

Because the district court dismissed Rogers's complaint pursuant to both 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, we review the dismissal de novo. See Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003). The district court did not err in determining that the proper defendant was the City of Euless, Texas, not the Euless Police Department. See Darby v. Pasadena Police Dep't, 939 F.2d 311, 313-14 (5th Cir. 1991). Because local governments have no general constitutional duty to protect individuals from private violence outside of the prison context, the district court did not err by dismissing Rogers's complaint for failure to state a claim. See Piotrowski v. City of Houston, 237 F.3d 567, 583-84 (5th Cir. 2001). We will not consider the remainder of the claims Rogers raises in this court because he did not raise them below. See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

Rogers's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal. See Adepegba v. Hammons, 103 F.3d

383, 387-88 (5th Cir. 1996). We warn Rogers that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; STRIKE WARNING ISSUED.