United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11469
Summary Calendar

APRIL RENEA ROLEN; KARLA ROLEN CLARK; L.D. CLARK,

Plaintiffs-Appellants,

versus

CITY OF BROWNFIELD, TEXAS; BROWNFIELD POLICE DEPARTMENT;
RAFAEL TORRES; JOHN DOES,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CV-304
---------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs, April Renea Rolen, Karla Rolen Clark, and L.D. Clark (the plaintiffs) appeal the dismissal on summary judgment of their 42 U.S.C. § 1983 claims against Officer Rafael Torres, the Brownfield Police Department (BPD), and the City of Brownfield (the City). Finding no error, we affirm.

We review the district court's grant of summary judgment de novo, under the standard set forth in FED. R. CIV. P. 56. See Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003). With respect

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the defendants' claims of qualified immunity, the plaintiffs must show that a government official violated a constitutional right that was clearly established at the time of the alleged violation and that the official's actions were objectively unreasonable. Eugene v. Alief Indep. Sch. Dist., 65 F.3d 1299, 1305 (5th Cir. 1995). With respect to the liability of the City, the plaintiffs must demonstrate both that a municipal employee violated a clearly-established constitutional right and that the violation was the result of a municipal policy or custom. Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999).

We are mindful of the plaintiffs' pro se status, and we hold a pro se plaintiff's brief to a less stringent standard than a brief filed by counsel. See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). Nevertheless, even pro se plaintiffs must brief issues to preserve them and comply with the Federal Rules of Appellate Procedure. Id.

At the outset we consider whether the BPD may be sued. The district court did not err in dismissing the claims against the BPD because it was not a juridical entity capable of being sued. See Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991). With Officer Torres and the City as the only remaining defendants, we consider the merits.

The district court correctly determined that there was no violation of a clearly-established constitutional right with

respect to the plaintiffs' claims that the defendants violated their constitutional rights by using April Rolen as an undercover informant in a drug operation while she was a minor and without her parents' consent. Even accepting as true that the officers knew or should have known that April was a minor and that her parents had not consented, the due process right of family integrity implicated by these actions is nebulous and undefined. Thus, we cannot say that a reasonable officer would have understood that such actions violated this particular right. Hodorowski v. Ray, 844 F.2d 1210, 1217 (5th Cir. 1988). Although the plaintiffs argue that various defendants perjured themselves regarding the use of April in the drug sting, whether the defendants' declarations were incorrect does not affect the determination that, as a matter of law, there was no clearly-established right.

In the district court, the plaintiffs alleged various instances of harassment of April Rolen. They do not brief this issue on appeal and the issue may, therefore, be deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). The claim concerning the unlawful arrest of April Rolen and the impounding of her car likewise is not briefed on appeal and may, therefore, be deemed abandoned. Id.

The plaintiffs' contention that L.D. Clark was not allowed to present various complaints at a City Council meeting is without merit. The audiotape of that meeting shows that Clark

was afforded an opportunity to present his assertions.  The request that he "wrap up" his remarks due to the council's need to address other business did not infringe on his constitutional rights because it was not based on the content of the speech. See Heffron v. International Soc. for Krishna Consciousness, Inc., 452 U.S. 640, 647 (1981).

The plaintiffs next assert that the defendants violated their rights by failing to investigate an alleged sexual assault on April Rolen.  Failure to investigate or prosecute an offense does not give rise to § 1983 liability.  See Piotrowski v. City of Houston, 237 F.3d 567, 582 (5th Cir. 2001).  This claim is without merit.

The plaintiffs also argue that the City failed to conduct an investigation of the use of April in the drug sting.  Even if the failure to investigate constituted some actionable misconduct, this single failure by the City to investigate does not give rise to liability as it does not show a policy or custom.  See Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992).

The plaintiffs next assert that L.D. Clark was unlawfully arrested pursuant to an invalid arrest warrant for a violation of an ordinance regarding weeds.  However, this claim is contradicted by Clark's own statements that the officer did not arrest him as well as by the uncontroverted declaration of the officer that the warrant was not served and that Clark was not arrested.  Even if Clark was detained while the officer verified

the information in the warrant, there is no evidence that such detention was unreasonable. See United States v. Jordan, 232 F.3d 447, 448 (5th Cir. 2000) ("An officer may, consistent with the Fourth Amendment, conduct a brief investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot."); Duckett v. City of Cedar Park, 950 F.2d 272, 280 (5th Cir. 1992)(arrest pursuant to facially valid warrant not unconstitutional although warrant later was determined to be invalid). Accordingly, the district court properly granted summary judgment on this claim.

The plaintiffs argue that the district court failed to give their pleadings the liberal construction required by their pro se status. This contention is without merit. The district court engaged in a lengthy and detailed analysis of the plaintiffs' numerous claims, broadly construing their vague claims as asserting specific constitutional violations. As to any procedural errors by the plaintiffs in opposing the summary judgment motion, even pro se litigants must comply with the Federal Rules of Civil Procedure and present proper summary judgment evidence. See Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980).

The district court did not abuse its discretion in denying the request that counsel be appointed for April Rolen. This case presents no exceptional circumstances warranting such

appointment.  See Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990).

The plaintiffs sought leave to amend to add a number of defendants on their claims relating to the drug sting.  The district court's denial of the motion to amend was not an abuse of discretion, because any amendment to add defendants on a claim that had no merit would have been futile.  See Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co., 195 F.3d 765, 771 (5th Cir. 1999).

Finally, the plaintiffs move to supplement the record on appeal with 17 exhibits.  The first 14 exhibits were already part of the district court record.  The remaining three exhibits, declarations by each of the plaintiffs, were not submitted to the district court.  Accordingly, they may not be considered on appeal.  See Topalian v. Ehrman, 954 F.2d 1125, 1131 n.10 (5th Cir. 1992).

For the foregoing reasons, the judgment of the district court is affirmed.  The motion to supplement the record on appeal is denied.  We do not reach the plaintiffs' request that this case be assigned to a different judge on remand.

AFFIRMED; MOTION TO SUPPLEMENT DENIED.