United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-20615
Summary Calendar

PATRICIA POTTS,

Plaintiff-Appellant,

versus

CROSBY INDEPENDENT SCHOOL DISTRICT; OFFICE OF THE
ATTORNEY GENERAL OF TEXAS; HARRIS COUNTY SHERIFF;
CITY OF BAYTOWN POLICE DEPARTMENT; RELIANT ENERGY;
BAKER DOWNS APT; CROSBY STATE BANK; HELEN MARIE
LEONARD; MERCY EZEH; TEK INVESTMENTS INC;
DELL COMPUTERS INC; VINCENT WILLIAM; TEXAS
REHABILITATION COMMISSION; TEXAS DEPARTMENT
OF FAMILY AND PROTECTIVE SERVICES;
CITY OF BAYTOWN,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(4:04-CV-2852)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Patricia Potts appeals *pro se*. *Inter alia*, she challenges the

dismissal with prejudice of her claims against: the City of

Baytown, Baytown Police Department, Dell Computers, Inc., Reliant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Energy, and Crosby State Bank for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); Crosby Independent School District (CISD) for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6); and the Harris County Sheriff's Department because, as a *non sui juris* division of Harris County, it lacks the capacity to be sued.

Along this line, the Office of the Texas Attorney General (OAG) and Texas Department of Family and Protective Services' (TDFPS) seek summary affirmance of the district court's dismissal of Potts' claims against them.

Finally, at issue is an order barring any new actions by Potts absent judicial approval.

Potts sued these parties for various vague and seemingly unrelated claims including discrimination, conspiracy, harassment, retaliation, slander, and violation of her equal-protection rights. In her second amended complaint, Potts alleged, *inter alia*: (1) the City of Baytown, its police department, and TDFPS violated her civil rights by conspiring with her mother, her ex-husband, Baker Downs Apartments, and Harris County to terminate her parental rights; (2) the City and police department violated her civil rights by failing to protect her from, and refusing to investigate, harassment claims; (3) CISD engaged in employment discrimination by "firing her from her job as a school bus driver with no explanation"; (4) Dell Computers and Crosby State Bank caused her

2

to incur insufficient funds charges and conspired against her; (5) Reliant Energy discriminated against her by failing to invoice her for 11 months and then sending five bills at once for an apartment she never inhabited; and (6) the Harris County Sheriff's Department failed to investigate a burglary of her apartment, disregarded pleas to investigate her harassment, and slandered her by placing theft charges on her record, causing her to lose two jobs; and (7) the OAG violated her civil rights by directing her ex-husband to mail child-support payments to the Harris County Child Support Division and failed to modify her child-support amount in spite of her requests. On 28 June 2005, the district court granted these defendants' motions to dismiss and dismissed this action with prejudice.

Briefs of *pro se* litigants are liberally construed. **Price v. Digital Equip. Corp.**, 846 F.2d 1026, 1028 (5th Cir. 1988). Nevertheless, such litigants must brief issues to preserve them. **Id.** (finding inadequate fleeting error claims that provide no analysis or authority) (citing FED. R. APP. P. 28(a)); *see also* **In re Tex. Mortgage Servs. Corp.**, 761 F.2d 1068, 1073 (5th Cir. 1985)(holding abandoned appellant's unbriefed claims; collecting cases). "We will not raise and discuss legal issues that [an appellant] has failed to assert." **Brinkman v. Dallas County Deputy Sheriff Abner**, 813 F.2d 744, 748 (5th Cir. 1987). In practical effect, a cursory "recitation of familiar rules governing our

review of summary judgments, without even the slightest identification of any error in [the district court's] legal analysis or [] application" is as if the appellant makes no appeal at all. *Id.*

Potts asserts the district court erred in dismissing her claims and in barring new claims because it "determin[ed] that [her] claims were not legitimate, simply because of allegations that [she] suffers from a mental illness or 'Delusional Disorder'". Claiming "a complete lack of evidence to support the conclusions that [her] claims were a 'delusion' and 'frivolous'", she demands this court review the record for this purpose. She cites no authority, save one inapposite reference to Federal Rule of Civil Procedure 35 (authorizing a district court to order a medical examination when a party's mental condition is in issue).

Potts fails to make "even the slightest identification of any error in [the district court's] legal analysis". *Brinkman*, 813 F.2d at 748. Specifically, the court granted City of Baytown, Baytown Police Department, Dell Computers, Crosby State Bank, and Reliant Energy's 12(b)(6) motions because Potts made no cognizable claims under 42 U.S.C. §§ 1983 or 1985(3). *Potts v. Crosby Ind. Sch. Dist.*, No. Civ.A. H-04-2852, 2005 WL 1527657 at *4-5, 8-9 (S.D. Tex. 28 June 2005) (Police Department is not a separate legal entity and thus cannot be sued (citing *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 314 (5th Cir. 1991)); City cannot be held

4

liable because plaintiff failed to demonstrate injury resulting from decision by a final policy maker (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986))). Similarly, Potts' § 1983 claims against Dell Computers, Crosby State Bank, and Reliant Energy were dismissed as conclusory, *id.* at *4-5 (citing *S. Christian Leadership Conf. v. Supreme Court of La.*, 252 F.3d 781, 786 (5th Cir.)("legal conclusions masquerading as factual conclusions" insufficient to survive 12(b)(6) motion), *cert. denied*, 534 U.S. 995 (2001)); and because these parties are not state actors and did not act under color of state law, *id.* at *4 (citing *Am. Mfg. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). Her § 1985(3) claim failed because, even liberally construed, it met none of the requisite elements. *Id.* at *5 (citing *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001)).

The district court granted CISD's 12(b)(1) and 12(b)(6) motions because Potts' alleged "no set of facts ... entitl[ing] her to relief"; therefore, she failed to meet the legal requirements of her claims against CISD. *Id.* at *5-8 (citing *Teague v. City of Flower Mound, Tex.*, 179 F.3d 377, 380 (5th Cir. 1999) (setting forth elements to employee First Amendment retaliation claims against an employer); and *Connick v. Myers*, 461 U.S. 138, 146 (1983) (no scrutiny required of reasons for discharge if employee's speech does not address a matter of public concern)). The court

5

held that Harris County Sheriff's Department, as a *non sui juris* division of Harris County, lacks the capacity to be sued. ***Id.*** at *7-8 (citing ***Darby***, 939 F.2d at 313). Finally, it held Potts' claims against OAG and TDFPS barred by the Eleventh Amendment. ***Id.*** at *3 (citing ***Will v. Mich. Dep't of State Police***, 491 U.S. 58, 66 (1989) (Eleventh Amendment bars suits against state agencies by state's citizens unless the state waives sovereign immunity or Congress, pursuant to section five of the Fourteenth Amendment, intentionally abrogates that immunity)).

In any event, Potts has not sufficiently challenged the district court's rulings to require review by this court.

***AFFIRMED***