# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2009

Charles R. Fulbruge III
Clerk

No. 07-11292
Summary Calendar

BRADY HICKS, JR

 Plaintiff-Appellant

v.

TARRANT COUNTY SHERIFF'S DEPARTMENT; TARRANT COUNTY
COMMISSIONERS BOARD; DIONNE BAGSBY, Tarrant County
Commissioner; MARTI VAN RAVENSWAY, Tarrant County Commissioner;
GLEN WHITLEY, Tarrant County Commissioner; J D JOHNSON, Tarrant
County Commissioner

 Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-311

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

 Brady Hicks, Jr., Texas prisoner # 1254510, appeals the district court's
final judgment dismissing his 42 U.S.C. § 1983 civil rights complaint against
Tarrant County Commissioners Dionne Bagsby, Marti Van Ravenswaay, Glen

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Whitley, and J.D. Johnson, the Tarrant County Sheriff's Department, and the Tarrant County Commissioners Board. For the following reasons, we affirm.

Hicks alleged that on May 9, 2004, while a pretrial detainee in the Tarrant County Jail (TCJ), he was assaulted by a fellow inmate while restrained in a restraint chair. The district court determined that Hicks had no possible claims against the Tarrant County Commissioners in their individual capacities and that his claims against them in their official capacities constituted a suit against Tarrant County, Texas, already a named defendant. The district court also determined that there was no such entity as the Tarrant County Commissioners Board and, to the extent Hicks intended to name the Tarrant County Commissioners Court (Commissioners Court), his claims against it and the Tarrant County Sheriff's Department constituted a suit against Tarrant County. This court reviews *de novo* a dismissal for failure to state a claim upon which relief may be granted. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Hicks's official capacity claims against Commissioners Bagsby, Ravenswaay, Whitley, and Johnson were properly treated as claims against Tarrant County. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, because Tarrant County was a named defendant, the district court did not err when it dismissed these claims. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).

Further, Hicks failed to allege that Commissioners Bagsby, Ravenswaay, Whitley, and Johnson were personally involved in the alleged constitutional violations, and, aside from conclusional allegations, he failed to allege or show that the Commissioners had final policymaking authority over the training of deputies and custodial officers or that they were final policymakers responsible for enacting policies ensuring the safety of pretrial detainees held in the TCJ. Therefore, the district court did not err when it dismissed Hicks's claims against the Commissioners in their individual capacities. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

Hicks also contends that the district court erred when it dismissed his claims against the Tarrant County Sheriff's Department. He does not address the district court's determination that his claims against the Tarrant County Sheriff's Department constituted a suit against Tarrant County. Instead, Hicks conclusionally asserts that Sheriff Dee Anderson served as the administrator of the TCJ and exercised supervision and control over the jail.

The failure to challenge the district court's reasons for denying relief is the same as if the decision had not been appealed. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Further, the Tarrant County Sheriff's Department is a servient political agency of Tarrant County, and Hicks has neither alleged nor shown that it is a separate legal entity subject to suit. Therefore, the district court did not err when it dismissed Hicks's claims against the Tarrant County Sheriff's Department. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). To the extent Hicks seeks to assert claims against Sheriff Anderson, these claims should not be considered by this court. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Hicks also contends that the district court erred when it dismissed his claims against the Tarrant County Commissioners Board. He argues that he intended to name the Commissioners Court and that he should be allowed to sue both the Commissioners Court and Tarrant County. He also argues that the Commissioners Court is the governing body for Tarrant County and that it is responsible for providing safe and suitable jails for the county.

Hicks has neither alleged nor shown that the Commissioners Court is a separate legal entity subject to suit. Therefore, the district court did not err when it dismissed Hicks's claims against the Commissioners Court. *See Darby*, 939 F.2d at 313-14.

Hicks also contends that the district court's dismissal violated his rights to due process, a fair jury trial, and access to the courts. However, the district court was authorized to dismiss Hicks's claims against the Tarrant County

Commissioners Board, the Tarrant County Sheriff's Department, and Commissioners Bagsby, Ravenswaay, Whitley, and Johnson upon finding that he failed to state a claim against them. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, Hicks contends that the dismissal demonstrated Judge McBryde's bias against him. However, aside from conclusional allegations, Hicks has not demonstrated that Judge McBryde had a personal, extrajudicial bias against him. Moreover, Hicks's conclusional allegation of bias stemming from the adverse rulings is not sufficient to support a finding of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Accordingly, the district court's judgment is AFFIRMED. Hicks's motions to expedite his appeal in accordance with 5TH CIR. R. 27.5, to order the appellees to preserve evidence, and to tax costs to the losing party are DENIED.