Shelley A. Goff, Esq., Goff & Goff, Ruston, LA, for Defendant–Appellant.

Before KING, CLEMENT, and HAYNES, Circuit Judges.

PER CURIAM: *

The attorney appointed to represent Wilbert West has moved for leave to withdraw and has filed briefs in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores,* 632 F.3d 229 (5th Cir.2011). West has filed a response. We have reviewed counsel's briefs and the relevant portions of the record reflected therein, as well as West's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's

motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. West's motion for the appointment of substitute counsel is DENIED.

Jeffery Alan RICHIE, Plaintiff–
Appellant

v.

WHARTON COUNTY SHERIFF DEPARTMENT STAR TEAM; Sergeant Tommy Johnson; Chief Bill Copeland; Sergeant Grady Smith; Two Unknown Individuals; Deputy Craig Howell; Sergeant Raymond Janske; One Unknown Deputy; Lisa England; Dr. Julia Lawson, University of Texas Medical Branch at Galveston; Marc Tijerina; Jason Micam; James Molina; Roddy Rodriguez; Wayne Denson; El Campo Police Department; Wharton County Sheriff Department Medical Division; University of Texas Medical Branch, Galveston, TX; James Elliott, Defendants–Appellees.

No. 12–20014
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 2013.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jeffery Alan Richie, Beeville, TX, pro se.

James Arthur Price, Jr., Olson & Olson, L.L.P., Steven Dan Selbe, Senior Counsel, Gordon & Rees, L.L.P., Houston, TX, for Defendants–Appellees.

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Jeffery Alan Richie, Texas prisoner # 1481626, filed a 42 U.S.C. § 1983 complaint against the Wharton County Sheriff's Department STAR Team ("STAR Team") and the individual officers who comprised the STAR Team; other officers from the Wharton County Sheriff's Department and the El Campo Police Department; and members of the Wharton County Sheriff's Department Medical Division and other medical personnel. Richie contends that various constitutional violations occurred during the execution of a no-knock search and arrest warrant at his home and in connection with the medical care that he received for injuries, which he allegedly sustained during the execution of the warrant. The district court dismissed the claims regarding Richie's medical care and retained the remaining claims for further proceedings.

Sergeants Grady Smith and Wayne Denson ("Smith Defendants") moved for summary judgment. The STAR Team, Sergeant Tommy Johnson, Chief Bill Copeland, and Deputy Craig Howell ("the STAR Defendants") also moved for summary judgment and to dismiss the claims against the STAR Team; the STAR Defendants did not seek summary judgment on a claim of excessive force against Chief Copeland. Richie moved for summary judgment against all defendants.

The district court granted the Smith Defendants' motion for summary judgment, denied Richie's motions for summary judgment, and partially granted and partially denied the STAR Defendants' motion for summary judgment. The district court dismissed Richie's claims against the STAR Team on the ground that it was not a jural entity with the

capacity to be sued. The district court retained Richie's claims that Chief Copeland used excessive force and denied Richie's right to equal protection and that Sergeant Johnson failed to intervene to protect Richie. The district court also ordered the Wharton County Sheriff's Department to provide the names of two unknown officers who participated in the search; the officers were identified as Sergeant James Elliot and Deputy James Molina.

The district court granted motions by the Smith Defendants, the STAR Team, and Deputy Howell to sever their claims pursuant to Federal Rule of Civil Procedure 21. The district court dismissed the claims against those defendants with prejudice and entered a final judgment solely as to those defendants.

The district court denied Richie's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The district court has stayed the proceedings against the remaining defendants pending the resolution of this appeal. We have jurisdiction to consider this appeal notwithstanding the unresolved claims that remain pending in the district court. *Allied Elevator, Inc. v. E. Tex. State Bank,* 965 F.2d 34, 36 (5th Cir.1992).

■ Richie argues that the district court wrongly dismissed his claims against the STAR Team. He alleges that he named the officers who are members of the STAR Team as defendants in their individual capacities and argues that the members of the STAR team are liable for any constitutional violation committed by any member of the STAR Team.

Richie has not contested that the STAR Team, a group of Wharton County Sheriff's Department officers who have intensive training in certain areas, is a political entity that does not enjoy a separate legal existence or that Wharton County, the political unit that created the STAR Team, has not taken explicit steps to grant the STAR Team independent authority. Therefore, Richie has failed to challenge the district court's determination that the STAR Team was not subject to suit on the ground that it did not have the capacity to be sued. *See Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir.1991).

■ To the extent that Richie argues that the component members of the STAR Team, whom he identified individually, should be responsible for the acts of the other members because they collectively constitute the STAR Team, his claim is unavailing. He did not allege facts suggesting the existence of an agreement between the STAR Team members to commit illegal acts and did not otherwise raise the issue of whether there was a conspiracy among STAR Team members to violate his constitutional rights. *See Rodriguez v. Neeley,* 169 F.3d 220, 222 (5th Cir.1999). Further, Richie did not allege or set forth facts to suggest that the members of the STAR Team were liable under a theory of bystander liability for failing to prevent each other member from committing constitutional violations. *See Hale v. Townley,* 45 F.3d 914, 919 (5th Cir.1995). Also, no liability exists under § 1983 under the theory of vicarious liability. *See Thompkins v. Belt,* 828 F.2d 298, 303–04 (5th Cir.1987).

■ Richie argues that if the STAR Team were an improper party, he should have been allowed to amend his complaint to name the appropriate defendants. Nonetheless, Richie was able to allege his "best case" before his claims against the STAR Team were dismissed, and any amendment now would be untimely. Thus, the district court was not required to allow Richie to amend his complaint.

*See Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998); *Darby,* 939 F.2d at 314–15.

■ Richie also argues that the district court did not consider his claim that the defendants violated the Fourth Amendment by unnecessarily destroying property while they were executing the search and arrest warrant. Yet, the record shows that the district court considered related claims that it construed Richie to be raising. Also, Richie alleged that the property was destroyed by the STAR Team. The district court dismissed all claims against the STAR Team as not cognizable and, thus, effectively disposed of Richie's claim. In any event, even if the claim was overlooked, any error was harmless because Richie did not establish that there was a genuine dispute as to a material fact. *See* FED.R.CIV.P. 56(a). The summary judgment evidence established that the officers' conduct did not involve the excessive or unnecessary destruction of property and that any damage was incidental to the execution of the warrant. *See United States v. Ramirez,* 523 U.S. 65, 71, 118 S.Ct. 992, 140 L.Ed.2d 191 (1998).

■ Finally, Richie asserts that the manner in which he was detained during the search was degrading and prolonged and involved an undue invasion of privacy. While Richie arguably raised this claim in his complaint, the district court did not address this claim in its decision on the parties' summary judgment motions. With the benefit of liberal construction, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Richie challenges that omission.

■ In light of the procedural posture of this appeal, Richie's unreasonable detention claim is not before this court. He has not alleged the defendants that are the subject of this appeal committed the conduct underlying his claim. His allegations concern defendants whose claims were severed from this action and which remain pending in the district court (i.e., Chief Copeland, Sergeant Johnson, Sergeant Elliot, and Deputy Molina) and we may not consider those claims at this time. *See Allied Elevator,* 965 F.2d at 36. While Richie notes that he was forced to be photographed while naked by Deputy Howell, he does not dispute the district court's finding that taking the pictures was reasonable and not violative of his privacy rights. Because Richie has not contested that the photographs were probative of matters related to the execution of the warrant and that he had no expectation of privacy when the warrant was executed, he has abandoned any challenge to the reasonableness of Deputy Howell's conduct. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.