# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10942

United States Court of Appeals
Fifth Circuit

**FILED**

March 1, 2017

Lyle W. Cayce
Clerk

DIETRICK LEWIS JOHNSON, SR.,

Plaintiff-Appellant

v.

CITY OF DALLAS; DALLAS POLICE DEPARTMENT; UNITED STATES MARSHALS, Fugitive Task Force; AUTO POUND NET, Dallas Police Impound,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-4015

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Dietrick Lewis Johnson, federal prisoner # 19831-078, is serving a 20-year sentence for carjacking. Raising claims arising from his arrest for that crime, Johnson filed the instant civil rights action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). He named as defendants the City of Dallas, the Dallas Police Department (DPD), the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10942

States Marshal Service (USMS), the DPD's auto impoundment unit, and the Collin County Sheriff's Office. He alleged that sheriff's deputies and the USMS unlawfully searched his apartment and that, after his arrest, they left his apartment unsecured, thus allowing all of his possessions to be stolen from it. He further alleged that the DPD unlawfully searched and impounded his truck and that the DPD's auto impoundment unit gave the truck away to some unidentified person three days after his arrest.

By moving to appeal in forma pauperis (IFP), Johnson challenges the district court's certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). His IFP request "must be directed solely to the trial court's reasons for the certification decision," *id.*, and our inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). We may dismiss the appeal if it is apparent that it would be meritless. *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.

Johnson offers only a bare recitation of his claims, without reference to any legal authorities. By failing to address any of the district court's reasons for dismissal and certification, he has abandoned any issue crucial to his appeal and IFP motion. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In particular, there is no disputing that Johnson's claims about the disposition of his truck were raised and rejected in a prior § 1983 action and may not be relitigated now. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1998); *Nilsen v. City of Moss Point*, 701 F.2d 556, 561 (5th Cir. 1983). In addition, Johnson does not challenge the determination that the sheriff's office lacks the capacity to be sued under § 1983. *See Darby v. Pasadena Police Dep't*,

939 F.2d 311, 313-14 (5th Cir. 1991).  He also does not challenge the ruling that the USMS may not be sued under *Bivens*, which provides a cause of action only against individuals but not federal agencies.  *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994).

Because Johnson fails to show that his appeal involves any nonfrivolous issue, his IFP motion is DENIED, and this appeal is DISMISSED AS FRIVOLOUS.  *See Howard*, 707 F.2d at 220; *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Two of Johnson's prior pro se civil rights actions have been dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Those dismissals count as two strikes under § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015)  The district court's dismissal in the instant case, and the dismissal of this appeal also count as strikes, giving Johnson a total of four strikes.  *See id.*  Accordingly, Johnson is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).