# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2021

Lyle W. Cayce
Clerk

No. 19-20699
Summary Calendar

Brisby Ray Brown, II,

*Plaintiff—Appellant*,

*versus*

City of Houston Police; Harris County Jail,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-3919

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Brisby Ray Brown, II, a former pretrial detainee in Harris County, Texas (SPN # 01528797), appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, which he filed in forma pauperis (IFP). In his complaint, Brown alleged that the Houston Police Department (HPD)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

unlawfully arrested him and that the Harris County Jail held him in custody without probable cause and failed to bring him before a magistrate prior to being formally charged.  The district court dismissed Brown's claims for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

We review de novo the dismissal of a prisoner's IFP civil rights complaint for failure to state a claim. *Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016).  As a threshold matter, Brown does not brief, and has thus abandoned, any challenge to the dismissal of his claims against the Harris County Jail or Harris County.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).  And we do not consider his claims of cruel and unusual punishment and malicious prosecution, which are raised for the first time on appeal.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

To state a claim for relief under § 1983, a plaintiff must allege that a person "deprived him of a federal right" secured by the Constitution or laws of the United States and that "the person who has deprived him of that right acted under color of state or territorial law." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citation omitted); *see also Pratt v. Harris County*, 822 F.3d 174, 180 (5th Cir. 2016).  We perceive no error in the district court's conclusion that Brown failed to state a claim upon which relief could be granted against HPD, the City of Houston, or the individual arresting officers.  *See Trammell v. Fruge*, 868 F.3d 332, 344 (5th Cir. 2017); *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991).

Accordingly, the judgment of the district court is AFFIRMED.  The district court's dismissal of Brown's civil rights action for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g).  *See Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 310 (5th Cir. 2017) (per curiam); *Adepegba v.*

No. 19-20699

*Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762–63 (2015). Brown is WARNED that, if he accumulates three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).