# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2022

Lyle W. Cayce
Clerk

No. 21-20585
Summary Calendar

---

Elimelech Shmi Hebrew,

*Plaintiff—Appellant*,

*versus*

Ed Gonzalez, Harris County Sheriff; Thomas Pasket;
Harris County Sheriff's Office; Mariel Rosario,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3679

---

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant (Plaintiff) Elimelech Schmi Hebrew filed a pro se complaint against Defendants-Appellants (Defendants) Ed Gonzalez, Thomas Pasket, Mariel Rosario, and the Harris County Sherriff's Office.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20585

Plaintiff alleged that Defendants discriminated against him on the basis of his religion, in violation Title VII of the Civil Rights Act of 1964. After the parties consented to having a magistrate judge hear the case and enter judgment, Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The magistrate judge granted the motions, explaining that individuals cannot be held liable under Title VII and that the Harris County Sherriff's office is not a legal entity with the capacity to be sued. laintiff appealed.

"Appellate courts conduct a *de novo* review of a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6)." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019). "Rule 12(b)(6) authorizes the filing of motions to dismiss asserting, as a defense, a plaintiff's 'failure to state a claim upon which relief can be granted.' Thus, claims may be dismissed under Rule 12(b)(6) 'on the basis of a dispositive issue of law.'" *Id.* (citations omitted).

As the magistrate judge observed, "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003). Accordingly, the magistrate judge correctly dismissed Plaintiff's suit against Gonzalez, Pasket, and Rosario.

The magistrate judge also correctly observed that in order for a plaintiff to sue a city or county department, the department "must 'enjoy a separate legal existence.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (citation omitted); *see also id.* ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."); Fed. R. Civ. P. 17(b) (providing that an entity's capacity to sue and be sued is determined under state law). On appeal,

2

No. 21-20585

Plaintiff does not challenge the magistrate judge's finding that "the Harris County Sheriff's Office is not a legal entity and, therefore, lacks the legal capacity to sue or be sued." *See also Gragert v. Harris Cty.*, No. 4:09-CV-2063, 2010 WL 11538411, at *4 (S.D. Tex. Aug. 11, 2010) ("[T]he Harris County Sheriff's Office is not a legal entity under Rule 17(b) and therefore, lacks the legal existence and capacity to be sued for the violations alleged."). Because Plaintiff "has failed to show that [Harris County] ever granted its [sheriff's] department the capacity to engage in separate litigation," the magistrate judge correctly dismissed Plaintiff's suit against the Harris County Sheriff's Office. *See Darby*, 939 F.2d at 314.

For the foregoing reasons, the judgment of the magistrate judge is AFFIRMED.