# United States Court of Appeals
# for the Fifth Circuit

No. 22-50347
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2023

Lyle W. Cayce
Clerk

Tamir Abdullah,

*Plaintiff—Appellant*,

*versus*

State of Texas; Henry Garza; Sheriff Eddie Lange;
Killeen Police Department; John Galligan,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:22-CV-160

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Appellant Tamir Abdullah brought the instant case, proceeding pro se and in forma pauperis, under 42 U.S.C. § 1983. He alleges constitutional violations committed by his attorney, John Galligan; the State of Texas; the Killeen Police Department; the Bell County district attorney, Henry Garza; and the Bell County sheriff, Eddie Lange. The district court dismissed

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Abdullah's suit for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Under this section, a district court must dismiss a complaint if it is "frivolous," "malicious," or "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(i)–(ii).

We conclude that there was no error in the district court's dismissal. Rather, we agree with the district court that many of Abdullah's claims are plainly precluded.[1] Further, to the extent Abdullah attempts to challenge his current detention, that claim is not properly before us. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973) (noting that a petition for habeas relief is the proper remedy to challenge the facts or duration of confinement). Finally, Abdullah's remaining claim asserting that he was denied adequate medical care is similarly meritless. To establish such a claim, Abdullah was required to plead that prison officials acted with deliberate indifference to his medical needs.[2] *See Hare v. City of Corinth*, 74 F.3d 633, 636 (5th Cir. 1996) (en banc). But "[d]eliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). It "cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur County*,

---

[1] First, his claim against the State of Texas is barred by the Eleventh Amendment. *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Second, he fails to properly plead any allegations supporting a supervisory liability theory against Sheriff Lange. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 693 (1978). Third, his claim against the Killeen Police Department is precluded because the Department is not a legal entity capable of being sued. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). Fourth, District Attorney Garza is immune from suit for actions taken in connection with judicial proceedings. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). Finally, Abdullah's claim against his defense attorney Galligan fails because his attorney is not a state actor subject to § 1983 liability. *See Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).

[2] To establish deliberate indifference, a plaintiff must plead that "[1] the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; [2] the official actually drew that inference; and [3] the official's response indicates the official subjectively intended that harm occur." *Thompson v. Upshur County*, 245 F.3d 447, 458–59 (5th Cir. 2001).

245 F.3d 447, 459 (5th Cir. 2001). Abdullah has failed to plead any allegations which could be construed as establishing deliberate indifference. Thus, this claim also fails.

Abdullah is warned that the district court's dismissal of his action as frivolous counts as a "strike" under 28 U.S.C. § 1915(g). If Abdullah accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

AFFIRMED; SANCTION WARNING ISSUED. The motion to amend party names is DENIED. [3]

---

[3] On appeal, Abdullah moved to "amend the names of the parties to this action." The motion seeks to add several previously unnamed defendants. However, Abdullah never moved to amend his complaint or add additional parties in the proceedings before the district court. His attempt to do so here on appeal then is improper.